1  Alden J. Parker (SBN 196808)
      E-Mail: aparker@fisherphillips.com
2  FISHER & PHILLIPS LLP
   621 Capitol Mall, Suite 1400
3  Sacramento, CA 95814
   Telephone: (916) 210-0040
4  Facsimile: (916) 210-0401

5  Michael S. Armstrong (SBN 309816)
      E-Mail: marmstrong@fisherphillips.com
6  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
7  Irvine, California 92614
   Telephone: (949) 851-2424
8  Facsimile: (949) 851-0152

9  Attorneys for Defendants
   LITTLE CAESAR ENTERPRISES, INC. and ILITCH HOLDINGS, INC.

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

| 14 | DENNIS CURRIE, | Case No.: |
| 15 | Plaintiff, | Removed from State Court |
| 16 | v. | CASE NO.: 30-2021-01177748-CU-OE-CJC |
| 17 | LITTLE CAESAR ENTERPRISES, INC. ILITCH HOLDINGS, INC. | **DEFENDANT ILITCH HOLDINGS, INC.'S NOTICE OF REMOVAL AND** |
| 18 | and DOES 1 through 50, inclusive, | **REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL** |
| 19 | Defendants. | **COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** |
| 20 | | |
| 21 | | State Complaint Filed: January 7, 2021 |

22

23

24

25

26

27

28

1

**TO PLAINTIFF DENNIS CURRIE, HIS COUNSEL OF RECORD, AND THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant, ILITCH HOLDINGS, INC., through its counsel of record, respectfully petitions for removal of this case from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1141, and 1446. The grounds for removal are as follows:

1.      On January 7, 2021, Plaintiff DENNIS CURRIE ("Plaintiff") filed an action in the Superior Court of the State of California in and for the County of Monterey, entitled *Dennis Currie v. Little Caesar Enterprises, Inc.; Ilitch Holdings, Inc.; and DOES 1 through 50, inclusive*, Case No. 30-2021-01177748-CU-OE-CJC (hereafter "State Court Action").

2.      Defendant ILITCH HOLDINGS, INC. ("Defendant" or "Ilitch") returned a Notice and Acknowledgement of Receipt of the Summons and Complaint for Damages in the State Court Action on February 16, 2021.

3.      Defendant timely removed this action on March 18, 2021. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999) (removal period triggered by service of process); 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

## **Venue Is Proper**

4.      In accordance with 28 U.S.C. section 1441(a), this Notice of Removal and Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Orange is located within the Central District of California. 28 U.S.C. section 84(c)(2). Therefore, venue is

2

proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. section 1441(a).

### The Amount In Controversy Exceeds $75,000

5.      In assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). In other words, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

6.      The matter in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interests and costs. In his Complaint, Plaintiff seeks damages for alleged violations of the Fair Employment and Housing Act ("FEHA"), including "age and/or disability" discrimination and retaliation. *See generally*, Complaint. Plaintiff further seeks damages for alleged failure to prevent discrimination and failure to accommodate in violation of the FEHA, wrongful termination in violation of public policy, and violation of the California Family Rights Act. *Id.*

7.      Based on these allegations, Plaintiff contends that he "has suffered . . . loss of income, loss of earning capacity, loss of job opportunity and other losses." Complaint, ¶¶ 20, 29, 37, 49, 58, 64. Plaintiff also alleges that he "has suffered extreme and sever anguish, humiliation, nervousness, anger, tension, anxiety, and emotional distress." Complaint, ¶¶ 28, 48, 57. Plaintiff also seeks "the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants." Complaint, ¶¶ 22, 31, 39, 51, 60, 65. Punitive damages are also recoverable on claims brought under FEHA. *See e.g., Myers v. Trendwest Resorts, Inc.,* 148 Cal.App.4th 1403, 1435-1436 (2007) (holding punitive damages may be awarded in civil actions for FEHA violations without any ///

cap on the amount awardable). Finally, Plaintiff seeks the recovery of attorneys' fees in conjunction with his action.

8.      In sum, Plaintiff's Complaint seeks judgment against Defendant for general damages, special damages, punitive damages, civil penalties, and attorneys' fees, among other things. While the amount of alleged damages is not specifically quantified in the Complaint, based on all of Plaintiff's allegations and request for damages, Plaintiff seeks in excess of $75,000.00 in damages, exclusive of interests and costs.

9.      "The ultimate inquiry is what amount it put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages." *Korn,* 536 F. Supp. at 1204-05. This includes any possible award of attorneys' fees through trial where, as here, a statute at issue awards attorneys' fees to the prevailing party. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy. Therefore, the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect.").

10.      In addition, even where the complaint on its face does not identify a specific amount in controversy, a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum. *See Ontiveros v. Michaels Stores, Inc*., No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. March 5, 2013); *Marcel v. Pool Co.*,

4

5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.00). While Defendant denies any liability whatsoever, and specifically denies that Plaintiff has been damaged in any way, examples of jury awards in cases similar to this one include the following:

a.     *Stallworth v. City of Los Angeles*, Superior Court, County of Los Angeles, Docket Number BC341480, 2009 WL 2737022 (July 24, 2009). The plaintiff alleged discrimination based on race, and retaliation for complaining about discrimination. Jury Verdict for the plaintiff entered on July 24, 2009, in the amount of $225,798, including $28,174 in past lost earnings, $97,624 for future lost earnings, and $100,000 for past and future emotional distress

b.     *Kell v. Autozone, Inc.*, Superior Court, County of Sacramento, Case No. 07AS04375, 2014 WL 509143 (February 24, 2014). Jury awarded emotional distress damages of $100,00.00 on a claim of wrongful termination in violation of public policy for an employee who alleged that he was terminated in retaliation for complaining about harassment (even though jury found there was no harassment).

c.     *Leggins v. Thrifty Payless Inc. d/b/a Rite Aid*, Superior Court, County of Los Angeles, Case No. BC511139, 2015 WL 4748037 (July 17, 2015). Employee alleged disability discrimination, harassment, retaliation, and wrongful termination in violation of FEHA and the FMLA, and failure to prevent discrimination, harassment, and retaliation. Jury verdict for the plaintiff in the amount of $8,769,128, including $213,213 for past economic loss, $1,055,915 for future economic loss, $1,500,000 for past non-economic loss, $1,000,000 for future economic loss, and $5,000,000 in punitive damages.

d.     *Monk v. Sacramento Metropolitan Fire District*, Superior Court, County of Sacramento, Case No. 04AS00665 (October 30, 2008) (jury awarded emotional distress damages of $100,000.00 on a claim of wrongful termination in

DEFENDANT ILITCH HOLDINGS, INC'S NOTICE OF REMOVAL AND REMOVAL
FP 37980100.1

violation of public policy for an employee who alleged that he reported the conduct of a subordinate employee to the District Attorney and was terminated in retaliation for such reporting).

11.   In addition, based on the experience of counsel for Defendants in handling matters claiming lost wages, emotional distress and attorneys' fees, Plaintiff is seeking in excess of $75,000.00 as of the filing of his complaint. Declaration of Alden J. Parker ("Parker Decl."), ¶ 2. Based on the above, the amount in controversy requirement of 28 U.S.C. §1332(b) is met.

## **Complete Diversity Among The Parties Exists**

12.   For purposes of diversity jurisdiction, an individual is a citizen of the state where he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

13.   In Plaintiff's Complaint, he alleged that at all times relevant to this action, he was a resident of the state of California. Complaint, ¶ 2. On information and belief, Plaintiff has remained domiciled in California since his separation in January 2020. Given that Plaintiff has resided continually in California, and is domiciled in California, he is therefore a California citizen for diversity purposes. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain . . . .").

14.   Defendant Ilitch is headquartered in Detroit, Michigan, and was at the time of the institution of this civil action, and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Michigan. Declaration of Danielle Lester ("Lester Decl."), ¶ 3.

15.   Defendant Little Caesar Enterprises, Inc.'s ("LCE") principal place of business and nerve center is in Detroit, Michigan, where at its headquarters, the "corporation's officers direct, control, and coordinate the corporation's activities."

*See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (holding that a corporation's principal place of business for diversity purposes was its nerve center: "the place where a corporation's officer direct, control, and coordinate the corporation's activities"); Lester Decl., ¶ 4. Accordingly, both Defendant Ilitch and Defendant LCE are citizens of Michigan for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1); *Hertz*, 130 S. Ct. at 1192.

16.    Because Plaintiff is a citizen of California while Defendants Ilitch and LCE are citizens of Michigan, complete diversity of citizenship exists among the parties in this matter.

17.    The fifty "Doe" Defendants named in the Complaint are not considered in assessing diversity. See, e.g., *Newcombe v. Adolf Coors Co.* 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants.").

## Consent To Removal

18.    All defendants are required to consent or join in removal for purposes of traditional diversity jurisdiction. LCE accepted service of the Complaint on January 11, 2021 and consents to this removal. Lester Decl. ¶ 4.

## The Requirements of 28 U.S.C. § 1446 Are Met

19.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint filed and served in this action is attached to the Declaration of Michael S. Armstrong in Support of Defendant Ilitch Holdings, Inc.'s Notice of Removal ("Armstrong Decl."), at ¶ 3 and **Exhibit A**.

20.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Civil Case Cover Sheet and Summons filed and served in this action are attached to the Armstrong Decl., at ¶ 4 and **Exhibit B**.

21.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Ilitch's

1  Answer to Plaintiff's Complaint filed and served in this action is attached to the
2  Armstrong Decl., at ¶ 5 and **Exhibit C**.

3      22.    Pursuant to 28 U.S.C. § 1446(d), Defendant, concurrently with the
4  filing of this Notice of Removal and Removal, will serve written notice thereof to
5  all adverse parties, and will file a copy of this Notice with the clerk of the Superior
6  Court of California, County of Orange, from which this case was removed.

7      23.    A copy of the Notice to Adverse Party of Removal of Action to
8  Federal Court is attached to Armstrong Decl., at ¶ 6 and **Exhibit D** (without
9  exhibits because the exhibit is this Notice).

10     24.    A copy of the Notice to State Court of Removal of Action to Federal
11 Court is attached to Armstrong Decl., at ¶ 6 and **Exhibit E** (without exhibits
12 because the exhibit is this Notice).

13     25.    Based on the foregoing, Defendant Ilitch Holdings, Inc. prays that the
14 above described action pending in the Superior Court of California, County of
15 Orange, be removed to this Court.

16

17 Dated: March 18, 2021                    Respectfully submitted,

18                                          FISHER & PHILLIPS LLP

19

20                             By:    /s/ Michael S. Armstrong
21                                    Alden J. Parker
                                      Michael S. Armstrong
22                                    Attorneys for Defendants
                                      LITTLE CAESAR ENTERPRISES,
23                                    INC. and ILITCH HOLDINGS, INC.

24

25

26

27

28

DEFENDANT ILITCH HOLDINGS, INC'S NOTICE OF REMOVAL AND REMOVAL
FP 37980100.1

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the below date, I served the foregoing document entitled **DEFENDANT ILITCH HOLDINGS, INC.'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Heather McMillan, Esq.           Attorneys for Plaintiff
Lizeth Perales, Esq.             DENNIS CURRIE
STEVENS & McMILLAN              P: (714) 730-1000
335 Centennial Way               F: (714) 730-1067
Tustin, CA 92780                 E: heather@scmclaw.com
                                 E: liz@scmclaw.com
                                 Cc: chelsea@scmclaw.com
                                 Cc: calendar@scmclaw.com

☒  **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐  **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed March 18, 2021 at Irvine, California.

Adriana Miranda                  By:  /s/ Adriana Miranda
_____               _____
Print Name                             Signature