Danielle Hultenius Moore (SBN 232480)
E-Mail: dmoore@fisherphillips.com
Jason A. Fischbein (SBN 314701)
E-Mail: jfischbein@fisherphillips.com
Christopher M. Champine (SBN 323385)
E-Mail: cchampine@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendants
LITTLE CAESAR ENTERPRISES, INC. and ILITCH HOLDINGS, INC.

Heather K. McMillan (SBN 188939)
E-Mail: heather@scmlaw.com
Daniel P. Stevens (SBN 164277)
E-Mail: ken@scmclaw.com
Christopher E. Gavriliuc (SBN 324599)
E-Mail: chris@scmclaw.com
**STEVENS & McMILLAN**
335 Centennial Way
Tustin, California 92780
Tel: (714) 730-1000
Fax: (714) 730-1067

Attorneys for Plaintiff
DENNIS CURRIE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS CURRIE,<br><br>Plaintiff,<br><br>v.<br><br>LITTLE CAESAR ENTERPRISES, INC. ILITCH HOLDINGS, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 8:21-cv-00513-MEMF-ADS<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>[Removed from State Court<br>Case No. 30-2021-01177748-CU-OE-CJC]<br><br>**JOINT NOTICE OF ALTERNATIVE DISPUTE RESOLUTION EFFORTS AND STIPULATION REQUESTING STAY OF THE COURTS ORDER REQUIRING MEDIATION; [PROPOSED] ORDER**<br><br>Date: June 30, 2022<br>Time: 10:00 a.m.<br>State Complaint: January 7, 2021<br>Removal Filed: March 18, 2021<br>Trial Date: July 12, 2022 |

Plaintiff DENNIS CURRIE ("Plaintiff") and Defendant LITTLE CAESAR ENTERPRISES, INC. ("Defendant") (collectively, "the Parties"), through their respective counsel of record, hereby stipulate to the following:

WHEREAS, on March 19, 2021, the Court gave Notice to the Parties in Form ADR-08 of its Court-Directed ADR Program, **in response to which the Parties chose private mediation**.

WHEREAS, on May 26, 2021, the Court ordered that any settlement discussions shall be completed not later than April 1, 2022, and that counsel shall file a joint report of the parties regarding the outcome of settlement discussions.

WHEREAS, on January 28, 2022, the Court modified its May 26, 2021 Order extending the deadline to complete settlement discussions from April 1, 2022 until April 28, 2022.

WHEREAS, on February 2, 2022, this case was reassigned to the Honorable Judge Maame Ewusi-Mensah Frimpong, noting that "Cases previously referred to an ADR process, whether at filing, by order of the previously assigned judge, or by stipulation and order, shall proceed under the terms of the applicable ADR local rule. Dates for previously scheduled ADR telephone conferences shall remain in effect."

WHEREAS, **the Parties participated in private mediation with mediator Steve Cerveris, Esq. on April 28, 2022, and were unable to resolve Plaintiff's dispute**.

WHEREAS, on August 3, 2022, the Court issued an Amended Civil Trial Order, stating that "The Court's Order Setting Scheduling Conference states as follows:

> 'If a Notice to Parties of Court-Directed ADR Program (Form ADR-08) was filed in this case, the Court will refer it to the magistrate judge, the Court Mediation Panel, or private mediation at the parties' expense. The parties must indicate their preference in their Joint Rule

26(f) Report. No case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding."

WHEREAS, the only ADR-08 issued by the Court in this matter was issued on March 19, 2021, well before the Parties participated in private mediation on April 28, 2022.

WHEREAS, the Parties have since noted completion of private mediation in their April 1, 2022, and April 4, 2022, Trial Date Worksheets.

WHEREAS, the Parties completed the Second Joint Rule 26(f) Report ("Report") on June 16, 2022 and failed to check the box indicating the Parties' preference for private mediation (option 3, regarding private mediation, on page 19 of the Report), because mediation has already been completed.

WHEREAS, the Parties have engaged in private mediation and continue to discuss settlement but have not resolved this action.

WHEREAS, the Parties are in receipt of the Court's Scheduling Order dated August 3, 2022, and intend to comply with all deadlines and responsibilities associated therewith, if the court were inclined not to grant this stipulation to stay and/or remove the mediation requirement since the parties have already participated in private mediation:

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties hereto, through their counsel of record, as follows:

The Parties stipulate and request that the Court exclude the Parties from mandatory participation in the Court-Directed ADR Program in lieu of private mediation held in this action on April 28, 2022, and the Parties' ongoing settlement discussions.

/ / /

/ / /

/ / /

The Parties agree that this Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same stipulation.

Dated: September 9, 2022                      Respectfully submitted,

                                                   **STEVENS & McMILLAN**

By:   */s/ Heather K. McMillan*
Heather K. McMillan
Daniel P. Stevens
Christopher E. Gavriliuc
Attorneys for Plaintiff
DENNIS CURRIE

Dated: September 9, 2022                      Respectfully submitted,

                                                   **FISHER & PHILLIPS LLP**

By:   */s/ Chris M. Champine*
Danielle Hultenius Moore
Jason A. Fischbein
Christopher M. Champine
Attorneys for Defendants
LITTLE CAESAR ENTERPRISES,
INC. and ILITCH HOLDINGS, INC.

**ATTESTATION REGARDING ELECTRONIC SIGNATURES**

I, Christopher M. Champine, attest that all other signatories to this document, on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing. I declare under penalty of perjury, under the laws of the United States of America and the State of California, that the foregoing is true and correct.

                                                */s/ Christopher M. Champine*
                                                Christopher M. Champine

# [PROPOSED] ORDER

Pursuant to the stipulation of Plaintiff DENNIS CURRIE and Defendant LITTLE CAESAR ENTERPRISES, INC. (collectively, "the Parties"), Federal Rule of Civil Procedure 16(b)(4), and for good cause having been shown, the Court hereby modifies its August 3, 2022, Amended Scheduling Order to eliminate the requirement for the Parties' mandatory participation in all Court-Directed ADR Program activities, and all responsibilities and deadlines associated therewith.

**IT IS SO ORDERED.**

DATED: _____        _____

Honorable Maame Ewusi-Mensah Frimpong

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On September 9, 2022, I served the foregoing document entitled **JOINT NOTICE OF ALTERNATIVE DISPUTE RESOLUTION EFFORTS AND STIPULATION REQUESTING STAY OF THE COURTS ORDER REQUIRING MEDIATION; [PROPOSED] ORDER** on all the appearing and/or interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Heather McMillan (SBN 188939)<br>Chris Gavriliuc (SBN 324599)<br>STEVENS & McMILLAN<br>335 Centennial Way<br>Tustin, CA 92780 | Attorneys for Plaintiff<br>DENNIS CURRIE<br><br>T:    714-730-1000<br>E:    heather@scmclaw.com<br>E:    chris@scmclaw.com<br>cc:   Ken Ho, assistant<br>E:    ken@scmclaw.com<br>cc:   Lena Bui, assistant<br>E:    lena@scmclaw.com<br>cc:   calendar@scmclaw.com |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed September 9, 2022 at San Diego, California.

Neil Livengood
*Print Name*

By: _____
*Signature*

1
CERTIFICATE OF SERVICE

FP 45163605.1